IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFF WAYNE GUREVICH and WENDY STIKKELMAN,

    Plaintiffs,

  v.

HARTFORD CASUALTY INSURANCE COMPANY aka THE HARTFORD, and DOES 1 to 100,

    Defendants.

No. C 12-02954 JSW

**ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

This matter comes before the Court upon consideration of the motion for summary judgment filed by defendant Hartford Casualty Insurance Company ("Hartford") and the cross-motion for summary judgment filed by plaintiffs Jeff Wayne Gurevich and Wendy Stikkelman ("Plaintiffs"). The Court finds the motion noticed for hearing on Friday, May 24, 2013 at 9:00 a.m., is appropriate for decision without oral argument. Accordingly, the hearing is hereby VACATED. Having considered the parties' pleadings, relevant legal authority, for the reasons set forth in the remainder of this Order, the Court GRANTS Hartford's motion for summary judgment and DENIES Plaintiffs' cross-motion.

**BACKGROUND**

The relevant facts are all undisputed. On November 24, 2005, James Gurevich ("Gurevich") attended a large family gathering for Thanksgiving at the home of his uncle and aunt, David and Ingrid Crevelt. (Joint Statement of Undisputed Facts ("JSUF"), No. 1.) There

1   was no business purpose for the Thanksgiving gathering at the Crevelt home and no one from
2   David Crevelt's employer, Salsbury Associates & Insurance Services, Inc. ("Salsbury"),
3   attended the Thanksgiving gathering. (*Id*., Nos. 4, 5.) Late that, Gurevich left the Crevelt home
4   with David Crevelt and Gurevich's cousin, Joseph Ingenluyff ("Ingenluyff "). The three men
5   left in Crevelt's 1998 Lincoln Towncar (the "Towncar"). (*Id*., No. 6.) Crevelt was too
6   intoxicated to drive and allowed Ingenluyff to drive. (*Id*., No. 7.) At approximately 11:45
7   p.m., Ingenluyff, traveling at an excessive rate of speed, failed to negotiate a curve and lost
8   control of the vehicle which crashed into a home. All three men were killed. (*Id*., No. 8.)

Gurevich's parents sued the Estate of David Crevelt (the "Estate") for negligence, negligent entrustment and wrongful death. The matter was tendered to Hartford under a Business Insurance Policy issued to Crevelt's employer, Salsbury. After investigating the claim, Hartford asserted that there was no potential for coverage and denied the claim. (*Id*., No. 9.)

The underlying action proceeded to binding arbitration. Plaintiffs were awarded $4,009,500 against the Estate. The awards were confirmed by the California Superior Court. Judgment was entered for Gurevich's parents, Wendy Stikkelman and Jeff Gurevich, on March 25, 2011, and April 8, 2011, respectively. (*Id*., No. 10.)

Prior to commencement of this action, the Estate assigned all of its rights, title and interest in and to Crevelt's claims against Hartford to Plaintiffs. (*Id*., No. 11.)

Hartford issued a Business Insurance Policy to Salsbury, Policy No. GL0007751766, effective December 1, 2004 to December 1, 2005 (the "Policy"). (*Id*., No. 13.) The Policy includes several coverage parts, including "Business Liability Coverage." (*Id*., No. 14.) The Policy includes an endorsement entitled "Hired Auto and Non-Owned Auto" that brings certain automobiles within the Policy's Business Liability Coverage. (*Id*., No. 15.) In order for coverage for an unlisted automobile to exist, the automobile must qualify as a "non-owned auto" under Section A of the Hired Auto and Non-Owned Auto endorsement. (*Id*., No. 16.)

Section A of the Hired Auto and Non-Owned Auto endorsement provides:

A "non-owned auto" is an "auto" you do not own including but not limited to:
1.   An "auto" that you lease, hire, rent or borrow;

2

    2.     A customer's "auto" that is in your care, custody, or control for service; and
    3.     An "employee's" "auto" while used in your business or personal affairs.
\*\*\*
This includes "autos" owned by your "employees" or partners or members of their households but only while used in your business or your personal affairs.

(*Id*., No. 17.) "[Y]our business or personal affairs" under Section A of the Policy's Hired Auto and Non-Owned endorsement refers to Salsbury's business or personal affairs. (*Id*., No. 18.)

Crevelt was was employed by Salsbury as an account executive or salesperson. (*Id*., No. 20.) His employment contract with Salsbury required Crevelt to procure an automobile, at his own expense, for use in traveling to and making calls on customers and prospective customers. (*Id*., No. 29.) The employment contract also required Crevelt to insure this automobile. (*Id*., No. 30.)

The Towncar involved in the automobile accident was owned by Crevelt. (*Id*., No. 21.) The account executive automobiles were not listed specifically in the Policy. (*Id*., No. 24.) Under Crevelt's contract of employment with Salsbury, he was required, as were all salespeople, to provide his own automobile insurance. Crevelt had automobile insurance for the Towncar through GEICO. (*Id*., No. 23.)

As a salesperson, Mr. Crevelt was available to his clients during normal business hours. (*Id*., No. 25.) There is no evidence demonstrating that Crevelt took customer calls on behalf of Salsbury after business hours or that the Towncar was being used for Salsbury's business or personal affairs on the night of the accident. (*Id*., No. 26, 27.)

## ANALYSIS

**A.     Legal Standard on Motion for Summary Judgment.**

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by" citing to, *inter alia*, depositions, documents, affidavits, or other materials. Fed. R. Civ. P. 56(c)(1)(A). A party may also show that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). An issue is "genuine" only if there is sufficient

3

1  evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty
2  Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if the fact may affect the
3  outcome of the case. *Id*. at 248. "In considering a motion for summary judgment, the court
4  may not weigh the evidence or make credibility determinations, and is required to draw all
5  inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d
6  732, 735 (9th Cir. 1997).

7  The party moving for summary judgment bears the initial burden of identifying those
8  portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine
9  issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Where the
10 moving party will have the burden of proof on an issue at trial, it must affirmatively
11 demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.*
12 Once the moving party meets this initial burden, the non-moving party must go beyond the
13 pleadings and by its own evidence set forth specific facts showing that there is a genuine issue
14 for trial. *See* Fed. R. Civ. P. 56(e). The non-moving party must "identify with reasonable
15 particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275,
16 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995))
17 (stating that it is not a district court's task to "scour the record in search of a genuine issue of
18 triable fact"). If the non-moving party fails to make this showing, the moving party is entitled
19 to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

20 **B.     The Cross-Motions.**

21 Under California law, insurance contracts are to be interpreted in the same manner as
22 any other contract, with the fundamental goal of giving effect to the mutual intention of the
23 parties. *Bank of the West v. Superior Court,* 2 Cal. 4th 1254, 1264 (1992). "[W]ords in an
24 insurance policy are to be read in their plain and ordinary sense. Ambiguity cannot be based on
25 a strained instead of reasonable interpretation of a policy's terms ...." *McKee v. State Farm
26 Fire & Cas. Co.,* 145 Cal. App. 3d 772, 776 (1983) (citation omitted). "Although ambiguities
27 or uncertainties in an insurance policy must be resolved against the insurer, nevertheless, the
28 policy must be given a reasonable interpretation and the words used are to be given their

4

common, ordinary and customary meaning." *United Services Automobile Ass'n v. Warner*, 64 Cal. App. 3d 957, 962 (1976).

The central issue in dispute here is whether Crevelt's Towncar qualifies as an auto that is "hired" under Salsbury's Policy. The Policy does not define "hired." Relying on one California case, *Monolith Portland Cement Co. v. Amer. Home Assurance Co.*, 273 Cal. App. 2d 115 (1969), and two out-of-state cases, Plaintiffs argue that a vehicle is "hired" under an insurance policy if the insured was in physical control of the vehicle or had a right of control over it, and "the person rendering the service and the person employing him had entered into a formal lease agreement or contract with respect to the vehicle." (Plaintiffs' Mot. at 7.)

Plaintiffs reliance on *Monolith* is misplaced.[1] In that case, the court was interpreting policy language that defined a "hired automobile" as "an automobile used under contract in behalf of, or loaned to, the named insured." *Monolith*, 273 Cal. App. 2d at 118. In contrast here, the policy does not contain any definition of the term "hired." Instead, the Court will look to cases with policy language more analogous to the language at issue here.

For example, in *American Internat'l Underwriters Insur. Co. v. Amer. Guarantee and Liability Ins. Co.*, 181 Cal. App. 4th 616, 622 (2010) the policy language provided coverage for "Anyone else while using with your permission a covered 'auto' you own, hire, or borrow ...." Because the policy did not define the term "hired," the court turned to California Civil Code section 1925, which "defines 'hiring' as synonymous with renting – that is, 'a contract by which one gives to another the temporary possession and use of property, other than money, for reward, and the latter agrees to return the same to the former at a future time.'" *Id*. at 623 (citing Cal. Civ. Code § 1925). The court noted that the "chief characteristic of a renting or a leasing is the giving up of possession to the hirer, so that the hirer and not the owner uses and controls the rented property." *Id*. (citing Cal. Civ. Code §§1925, 1955.)

---

[1] The Court notes that even if *Monolith* were applicable, Plaintiffs do not make a genuine effort to show that Salsbury was in physical control over or had a right of control over the Towncar. Plaintiffs' only argument regarding control is that Salsbury required Crevelt to obtain insurance. Such a requirement is insufficient as a matter of law to show the requisite level of control.

5

The Court distinguished *Monolith*, as well as several other California cases, on the grounds that in each of those cases, the policies at issue contained a provision expressly defining a "hired automobile" as a non-owned automobile "used under contract in behalf of ... the named insured." *Id*. at 628. Because the language at issue in *American International* did not contain such a definition, the court declined the invitation to read into the policy at issue a meaning drawn from contract provisions that were not before the court. *Id*. Instead, the court relied on California Civil Code section 1925, which requires temporary possession of the property. *Id.; cf City of Los Angeles v. Alliance Ins. Co.*, 125 Cal. App. 4th 287, 293 (2005) (holding that the pertinent question in determining whether the plaintiff borrowed the car, was whether the plaintiff had "the requisite dominion and control over the truck") (quoting *Home Indemnity Co. v. King*, 34 Cal. 3d 803, 814 (1983)).

In light of the similarity between the policy provisions at issue, the Court finds the reasoning of *American International* persuasive and hereby adopts it. Therefore, the Court holds that "hiring" an auto under the Policy requires temporary possession of the vehicle, or at least dominion and control over the vehicle. Here, there is absolutely no evidence to support a finding that the employer possessed the Towncar or had any dominion and control over the Towncar when Ingenluyff was driving it on the Thanksgiving holiday. Accordingly, the Court grants Hartford's motion for summary judgment and denies Plaintiffs' cross-motion for summary judgment.

## CONCLUSION

For the forgoing reasons, the Court HEREBY GRANTS Hartford's motion for summary judgment and DENIES Plaintiffs' cross-motion for summary judgment.

**IT IS SO ORDERED.**

Dated: May 15, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JEFF WAYNE GUREVICH et al,

        Plaintiff,

v.

HARTFORD CASUALTY INS et al,

        Defendant.
        _____/

Case Number: CV12-02954 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 15, 2013, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Stuart Wayne Fest
Attorney at Law
21900 Burbank Boulevard
3rd Floor
Woodland Hills, CA 91367

Dated: May 15, 2013

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk